## MONTILLA *v.* P. VAN SYCKEL & CO.

APPEAL in cassation from the District Court of San Juan.

No. 53.—Decided March 20, 1903.

APPEAL IN CASSATION FOR ERROR OF LAW.—In an appeal in cassation for error of law, according to article 1718 of the Law of Civil Procedure, the paragraph of article 1690 of the Code of Civil Procedure, upon which the appeal is based, must be stated and the law or legal doctrine alleged to have been violated must be precisely and clearly cited, as well as the manner in which the violation ocurred.

STATEMENT OF THE CASE.

On December 23, 1901, Herminio Diaz Navarro, on behalf of Emilio Montilla Valdespino brought a suit in the District Court of San Juan, against the firm of P. Van Syckel & Co., praying that the summary executory action that had previously been instituted against him by the defendant for the recovery of a mortgage debt amounting to eight thousand thirty-six *pesos* and ninety-nine *centavos* upon the estate "Santa-Cruz", belonging to him and situated in the neighboring township of Bayamón, which by virtue of said proceedings was awarded to the plaintiff for two-thirds of the value at which it had been appraised by the parties to

de San Juan, la demanda origen de este pleito contra la Sociedad Van Sykel y Ca., para que se declarase nulo el juicio ejecutivo sumario que con anterioridad le había seguido la Sociedad demandada, en cobro de un crédito hipotecario, por valor de ocho mil treinta y seis dollars noventa y nueve centavos, sobre la Hacienda ":Santa Cruz" de su propiedad, sita en el inmediato pueblo de Bayamón, la que por virtud de dicho procedimiento, que fué adjudicada á la sociedad ejecutante por las dos terceras partes del valor en que de común acuerdo la habían tasado los interesados en las escrituras constitutivas del crédito de referencia, en contravención á lo mandado por la Orden General de 31 de Enero de 1899, según la cual, en ningún caso se ejecutaría ni vendería finca alguna por deudas hipotecarias, sin prévia tasación de la finca por peritos, de los que nombraría uno el acreedor y otro el deudor, y el tercero el Juez; y que conferido traslado á la Sociedad demandada lo evacuó ésta por conducto de su Abogado defensor Don Eduardo Acuña y Aybar, oponiéndose á la demanda y alegando.á su vez todo lo que estimó pertinente á su derecho.

*Resultando :* que recibido el pleito á prueba y practicadas las propuestas por las partes, dictó sentencia el Tribunal de Distrito de San Juan en 22 de Mayo de 1902, por la que se declaró sin lugar la demanda de nulidad establecida, absolviéndose de ella, en su consecuencia, á la Sociedad P. Van Sykel y Ca., con las costas al demandante.

*Resultando :* que contra esta sentencia interpuso la representación de Don Emilio Montilla Valdespino recurso de casación por infracción de ley, que le fué admitido, y elevados los autos á esta Superioridad con citación y emplazamiento de las partes y personadas éstas se entregaron los autos para formalizar el recurso al Abogado defensor del recurrente, el que los devolvió con escrito manifestando que dicho recurso estaba autorizado por el número 1 del artículo 1690 de la Ley de Enjuiciamiento Civil, y que la Sala sentenciadora había infringido las Ordenes Judiciales y Gene-

the deeds constituting the credit, be declared null and void, inasmuch as said award was made in violation of the provisions of the General Order of January 31, 1899, according to the provisions of which in no case shall an estate be foreclosed upon or sold for mortgage debts, without a revaluation by experts, one of whom shall be named by the creditor, one by the debtor and a third by the judge. The record having been delivered to the defendants through their counsel Eduardo Acuña Aybar, they filed an answer denying the complaint and in turn urged such allegations as they deemed pertinent in support of their claims.

The stage in the proceeding for the introduction of evidence having been reached, and such as had been proposed by the parties having been heard, the District Court of San Juan rendered judgment on May 22, 1902, dismissing the complaint with costs against plaintiff.

From this decision counsel for Emilio Montilla Valdespino took an appeal in cassation for violation of law, which was allowed and the record having been sent up to this Supreme Court, and the parties cited, upon their appearance the record was delivered to counsel for appellant in order that he might perfect the appeal. This he did returning the record with a writing setting out that the appeal was authorized by paragraph 1 of article 1690 of the Law of Civil Procedure, and alleging that the trial court had violated the Judicial and General Orders invoked in the complaint by construing them in a different sense from that in which they were understood by appellant.

*Mr. Diaz Navarro*, for appellant.

*Mr. Acuña Aybar (Eduardo)*, for respondent.

MR. CHIEF JUSTICE QUIÑONES, after making the above statement of facts, delivered the following opinion of the court:

According to article 1718 of the Law of Civil Procedure, in an appeal in cassation for violation of law, the paragraph of article 1690 of aforesaid code upon which the appeal is

rales que en la demanda se invocaban, por haberles dado sentido y alcance distinto del que les daba la representación del recurrente.

Abogado del recurrente : *Sr. Diaz Navarro.*

Abogado de los recurridos : *Sr. Acuña Aybar (Eduardo).*

based shall be stated, and the law or legal doctrine alleged to have been violated shall be precisely and clearly cited, as well as the manner in which the violation occurred, and the appeal taken by Emilio Montilla not being in conformity with said provisions, inasmuch as he fails to cite with the precision required by said article, the law or laws that are supposed to have been violated, and to state clearly the manner in which said violations occurred, aforesaid appeal cannot be decided.

We adjudge that we should declare, and do declare, that the appeal in cassation for violation of law, taken by Emilio Montilla, cannot be considered, and impose upon him the costs. This decision is ordered to be communicated to the District Court of San Juan for compliance herewith, and the original records herein returned to the said court.

Messrs. Associate Justices Hernández, Figueras, Sulzbacher and MacLeary, concurring.